IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:15-CT-3078-BO

| | |
|---|---|
| THOMAS STOUT, JR., <br> Plaintiff, | ) <br> ) <br> ) |
| v. | )     O R D E R <br> ) |
| TAMI DUALL, et al, <br> Defendants. | ) <br> ) <br> ) |

Thomas Stout, Jr., is now before the court with a complaint filed pursuant to 42 U.S.C. § 1983. He appears to be a pre-trial detainee in the custody of Wake County. Complaint, D.E. 1; https://www.vinelink.com/vinelink/detailsAction.do?siteId=34003&agency=93&id=55876&searchType=offender. The court shall undertake to review the matter pursuant to 28 U.S.C. § 1915(e)(2).[1] A claim having no arguable basis in law or in fact may be dismissed as frivolous. Neitzke v. Williams, 490 U.S. 319 (1989).

Plaintiff appears to be contesting his incarceration while his criminal case is pending. See. D.E.1. He names public defender Elizabeth Graham and assistant district attorneys Tami Duall and Debra Shandles as defendants. Id. In the context of this suit, neither the prosecuting attorney nor the assigned public defender is a proper party. See Hall v. Quillen, 631 F.2d 1154 (4th Cir.1980) (affirming dismissal of 42 U.S.C. § 1983 action against court-appointed attorney as lacking "state action" and therefore failing to state a claim); Deas v. Potts, 547 F.2d 800 (4th Cir.1976) (affirming dismissal of 42 U.S.C. § 1983 action against retained counsel). Imbler v.

---

[1] On May 4, 2015, plaintiff filed a motion to amend [D.E. 6] his complaint. The motion is ALLOWED and fully considered.

Pachtman, 424 U.S. 409, 431 (1976) (Prosecutors are absolutely immune when carrying out prosecutorial functions.); Buckley v. Fitzsimmons, 509 U.S. 259, 268 (1993).

Furthermore, as relief plaintiff seeks dismissal of the charges. Clearly, dismissal of the charges would result in an immediate or at least speedier release from custody. Therefore, plaintiff must seek such relief by way of a petition for writ of habeas corpus; such relief is not available in a civil rights action brought pursuant to Section 1983. Preiser v. Rodriguez, 411 U.S. 475, 499 (1973) ('[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus.'). Plaintiff would have to challenge his pending charges in an action brought pursuant to 28 U.S.C. § 2241 or § 2254 and fulfill the exhaustion requirements associated with either statute. To the extent, plaintiff is seeking habeas relief, his claims should be dismissed without prejudice.

The case is DISMISSED as FRIVOLOUS. The Clerk is DIRECTED to CLOSE the case. SO ORDERED, this the  7  day of September 2015.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE